# Sexton v. Elkhorn Collieries Corporation.

May 13, 1941.

Hawk & Lewis and Emmett G. Fields for appellant.

D. I. Day for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Denver Sexton appeals from a judgment confirming the denial of compensation by the Workmen's Compensation Board.

He testified that he was struck in the face by some coal and particles entered his eye destroying much of the sight. He is corroborated by his father and mother. His doctor found nothing in his eye and attributed his condition to syphilis for which he had been treating Sexton for about a year, although it appears the inflammation of the eye arose rather suddenly and a few weeks after a blood test had shown him to be free of the germ. The doctor stated that the condition could have been caused by trauma as well as by the disease with which he was afflicted. An eye specialist at Hazard found no indication of trauma and expressed the definite opinion that the inflammation of the eye was due to syphilis. A doctor living at Norton, Virginia, testified in behalf of the claimant. He had examined his eye nearly a year after Sexton testified he had been injured. He found a cross or squint in the eye and other affections producing an impairment of perhaps fifty percent. Having accepted the patient's history of being struck by coal, with dust or small particles entering his eye, the doctor had assumed the condition was caused by that accident. In answer to a hypothetical question submitting the record as to the patient's disease, the doctor testified his condition could have been caused by syphilis as well as by trauma.

Upon this evidence and some other circumstances, such as a failure to give notice or make final complaint to the employer at the time, the Board rejected the recommendation of a referee who had reported finding that claimant was entitled to compensation. This conclusion of the whole board was, as they say, from the preponderance of the evidence that Sexton's condition was not the result of an accident but wholly of disease and that it had not been aggravated by an injury. This is in accordance with Section 4880, Kentucky Statutes, which provides in part that "personal injury by accident as herein defined shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident, nor shall they include the results of a pre-existing disease," etc.

We fully concur with the finding of the Compensation Board and the approval by the circuit court.

Judgment affirmed.